UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                    CASE NO.: 8:26-cr-105-VMC-TGW

PETER TORRES

## PROTECTIVE DISCOVERY ORDER

The matter before the Court is the government's unopposed motion for a protective discovery order. The parties agree that the proposed order would allow for full disclosure of the records, including early disclosure of Jencks Act material, while protecting the identification of a child, PII, and SPI from unnecessary additional disclosure. Thus, pursuant to Federal Rule of Criminal Procedure 16(d)(1), the motion is granted.

It is hereby ORDERED that:

1.      The term "Protected Materials" includes any records identifying a child, "personally identifiable information" (PII), and any "sensitive personal information" (SPI).

2.      PII includes any information that identifies the unique identity of an individual, including but not limited to name, gender, address, telephone, email address, date of birth, maiden name, social security number, driver's license number, or biometric data.

3.      SPI includes information about an individual that if lost, compromised, or disclosed could result in substantial harm, embarrassment, inconvenience, or

unfairness to the individual or others.

4.     The term "Defense Team" refers to (a) defendant's counsel of record, (b) any other attorney at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (c) defense investigators who may assist defense counsel with this case, (d) any retained experts or potential experts, and (e) paralegals, legal assistants, and other support staff to defendant's counsel of record—all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they all agree to be bound by the terms of the Protective Order.  The term "Defense Team" does not include the defendant, his family members, any associates of the defendant, potential lay witnesses, or any other third parties.

5.     The defendant's counsel of record shall advise all members of the Defense Team of their obligations under this Order prior to providing members of the Defense Team with access to any Protected Materials.

6.     The government may produce Protected Materials to the Defense Team or allow the Defense Team to access Protected Materials.

7.     Upon receiving Protected Materials, the Defense Team shall treat such materials, including copies of such materials and any subsequent notes regarding said materials, as confidential.  Specifically, the Defense Team is forbidden from sending the Protected Materials to the defendant and is not permitted to leave Protected Materials with the defendant.  In other words, the Defense Team may discuss the Protected Materials with the defendant, but never send Protected Materials to the

2

defendant or leave Protected Materials with the defendant.  Further, the Defense Team is not permitted to share the Protected Materials in any way with third parties without permission from the Court.

8.      The Defense Team shall access and use Protected Materials for the sole purpose of preparing for trial or for sentencing should the defendant enter a plea of guilty or be convicted at trial.  To the extent that notes are made that memorialize, on whole or in part, the Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions themselves become Protected Materials and must be handled in accordance with this Order.

DONE AND ORDERED in Chambers at Tampa, Florida, this 23rd day of April, 2026.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

FOR THOMAS G. WILSON
UNITED STATES MAGSISTRATE JUDGE

3